Chen v. Barr

BIA
Vomacka, IJ
A078 710 832

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

WEN MIN CHEN,
> *Petitioner,*

v.                                          17-2824
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:            Margaret Wong, Cleveland, OH.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Stephen J.
                           Flynn, Assistant Director; Ann M.
                           Welhaf, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Min Chen, a native and citizen of the People's Republic of China, seeks review of an August 29, 2017, decision of the BIA affirming a November 3, 2016, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Min Chen,* No. A078 710 832 (B.I.A. Aug. 29, 2017), *aff'g* No. A078 710 832 (Immig. Ct. N.Y. City Nov. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Absent past

2

persecution, an asylum applicant must demonstrate a well-founded fear of future persecution by showing either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008).  Where an applicant's claim is based on activities commenced in the United States, the applicant "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng*, 528 F.3d at 143.  We find no error in the agency's findings that Chen was not credible as to her claim that police in China had discovered her religious practice and that she failed to establish a pattern or practice of persecution of Christians.

Adverse Credibility Determination

In evaluating the testimony in support of an application for asylum, "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . .

3

[and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's determination that Chen was not credible as to her claim that police in China had discovered her religious practice.

The agency reasonably relied on evidence that Chen had previously filed a fraudulent application for a fiancée visa. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157–58 (2d Cir. 2006) (providing that adverse credibility determination may rest entirely on applicant's submission of a fraudulent document). Chen testified that her mother arranged for her to meet her fiancé through a friend, she saw her fiancé in person only three times (once for the introduction and twice at the U.S. consulate where they applied for and were denied a visa), and she could not remember his name, other than that she called him Jeffrey. Chen further testified that she did not know why their visa application was denied, claiming that the consulate did not provide a reason and that her fiancé did

4

not say anything when she asked him why it was denied, and that she never spoke to him again after the denial. Accordingly, contrary to Chen's contention, the IJ's determination that her visa application was fraudulent was not speculative because her testimony revealed that she did not know or spend time with her fiancé and she provided no testimony from which the IJ could infer that the relationship was bona fide. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

The agency also did not err in relying on Chen's inconsistent statements regarding why she came to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Specifically, the record supports the IJ's determination that, although Chen initially testified that she first considered leaving China in July 2001 in light of China's family planning policy, she subsequently testified that she had in fact taken steps to obtain a U.S. visa before July 2001. And the agency

5

reasonably concluded that letters from Chen's brother and cousin that they were detained, interrogated, and harmed in Fujian Province on account of their religion were inconsistent with the country conditions evidence, which does not describe any arrests or abuse in that province even though more than a quarter of the population practices Christianity. Chen did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Given the fraudulent visa application and inconsistencies, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 163-64. That determination is dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on Chen's claim that police were aware of and likely to arrest and persecute her on account of her religion. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Burden of Proof

The agency also did not err in finding that Chen failed

6

to establish a pattern or practice of persecution of similarly situated Christians, since the country conditions evidence reflects that tens of millions of Christians practice in unregistered churches in China and that in some areas they do so without interference. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (upholding denial of asylum where evidence indicated that degree of religious tolerance or persecution in country of citizenship varied by locality); *see also In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (defining "pattern or practice of persecution" as persecution that is "systemic or pervasive"). Accordingly, because the agency reasonably found that Chen failed to demonstrate a well-founded fear of persecution on account of her continued religious practice, it did not err in denying asylum, withholding of removal, and CAT relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7